IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **22-CV-00859-GPG**

(To be supplied by the court)

**Mamdouh SALIM** Plaintiff

v.

**AUSA-SDNY Office**

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2022

JEFFREY P. COLWELL
CLERK

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Mamdouh SALIM 42426-054   USP-ADX
(Name, prisoner identification number, and complete mailing address)

P.O. Box 8500 , Florence , CO 81226
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

_____ Pretrial detainee

_____ Civilly committed detainee

_____ Immigration detainee

_____ Convicted and sentenced state prisoner

_____ Convicted and sentenced federal prisoner

_____ Other: (*Please explain*) _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   AUSA-SDNY Office
(Name, job title, and complete mailing address)

One Saint Andrew Plaza NY, NY 10007

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _✓_ Yes ___ No (*check one*). Briefly explain:

AUSA-SDNY Office is run by AUSA-SDNY
who is changed frequently but his/her Office stays

Defendant 1 is being sued in his/her ___ individual and/or _✓_ official capacity.

Defendant 2: _____
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓   Other: (*please identify*) 5ᵗʰ Amend. Const. Right + RFRA Religious Right + APA 5 USC § 701 et. seq.

3

## D. Statement Of Claims

## Claim One: Violation Of Pltf's 5th Amend. Const. Right

1. Plaintiff SALIM (therein Pltf or Salim) is a convicted and sentenced prisoner. He's serving his Life Sentence in ADX Florence Colorado, for now (since 2004).

2. Pltf since day 1 in prison (Dec 1998) until today Dec 2022 has been under broad restrictions in prisons as per measurements ordered by AUSA SDNY Office (therein NY Off, Prosecutor, or Gov). These measurements is called Special Administrative Measurement (S.A.M).

3. SAM is ordered by NY Off but signed by the Warden of the prison where the Pltf is incarcerated. Subsequently, the Warden, complying with NY Off order, will put SAM in force without any authority to modify SAM let alone to remove it. NY Off is the SOLE authority to put, modify, or remove SAM.

4. Thus, whatever measurement in SAM if it was against the law, then the NY Off is the direct and SOLE liable entity represented by AUSA SDNY in his/her official capacity. That is why Pltf is sueing here NY Off for violating the 5th Amend. Const. Right of Pltf for the past consequetive TEN Years (and counting) for banning Pltf from all contact with his son DR. M_____.

# D. Statement Of Claims

5.   Going against the BOP's policy that encourages inmates to have regular and close relationships with their children, the N.Y. Off., illegally and without any Due Process, ordered ADX prison in 2013 to totally prohibit Salim from all contacts with his eldest son D.r.M_____ [Only initial is here]

6.  Such an order from N.Y. Off hits the heart of BOP's Policy of maintaining family ties which is required by Psychology Care of ADX and is considered as a vital sign to be weighed for an inmate that he is programming and thus he is eligible for step down program and special rewards. Nevertheless, Warden is helpless and has to comply with N.Y. Off order. And, thus Salim was prohibited from all contact with his eldest son. D.R.M_____ without any Due Process.

7.   The prohibition was illegal because it went against the Supreme Court decision in Hill 472US445,454 (1985) which requires N.Y. Off., BEFORE prohition takes place, to provide Salim with THREE things:
(a) List of Charges;
(b) Evidence led to such a sanction; and
(c) A Hearing (giving Salim to defend himself).
     Yet, N.Y. Off provided Salim with NONE of these 3 requirements. Hence, the 5th Amend. Right of Salim was violated (Due Process).

# D. Statement Of Claims

8. To challenge the NY-Off illegal sanction that violated Salim's 5th Amend. Right, Pltf started filing "Administrative Remedies" (therein Adm. Rem.) which is the only avenue available for prisoners to challenge any deprivation of their Const. Rights.

9. This Hon. CO Dist Court is well aware of Adm. Rem.: « The BOP provides a four-tiered Adm. Rem. Prog. for inmate-grievances — one informal and three formal » Abdulmutalib, 2019 US Dist. Lexis 15859 (D.CO 2019) at Lexis 3. This Court, in Abdulmutalib explained these 4 steps to be:
   (a) BP-8 : an informal attempt to resolve the issue;
   (b) BP-9 : Formal filing to be answered by the Wardens;
   (c) BP-10 : Formal filing to be answered by Regional Office; and
   (d) BP-11 : Formal filing to be answered by Central BOP Office.

10. For every year (10 years) from 2013 → 2022 included, Salim has filed and exhausted ALL "four-tiered" steps. Thus, Salim had requested FOURTY times to be given his Procedural Due Process Right by providing him with the 3 Requirements (Charges, Evidence, & Hearing) set by SCOTUS in Hill and All that 40 requests (4 per year for 10 years) were denied. And, here is below the serial no. of each Adm. Rem. after 2013 until today : 755.079 (2014), 818.864 (2015), 860.711 (2016) 897.225 (2017), 936.435 (2018), 984.678 (2019), 1.014.920 (2020), 1.076.285 (2021), AND 1.117.063 (2022). [a copy of each is ready if Court so ordered]



~~[struck through text]~~

## D. Statements Of Claims

**11.** The Suprem Court (SCOTUS) unanimously held in Swarthout (2011) that: "As for the due process clause standard analysis under that provision proceeds in 2 steps:

(1) Whether there exists a liberty or property interest of which a person has been deprived, and if so;

(2) Whether the procedure followed by the state was constitutionally sufficient"

Swarthout, 562 US 216, HN3 (2011)(per curiam); see also Proctor, 846 F.3d 597, at 608 (2nd Cir. 2017).

**12.** Applying the 2 steps test of Swarthout on Pltf Salim case, the questions will be:

(1) Whether depriving the ~~Pltf~~ from all contact with his eldest son Dr. M___ is depriving from a liberty interest and If so;

(2) Whether the procedure followed by ~~NY-Off~~ for such ban was constitutionally sufficient.

**13.** Hereby, ~~Pltf~~ contends that, according to the 2-steps test of Swarthout, his 5th Amend. Const. Right was violated by the decision of ~~NY-Off~~ for ban. Both of 2 steps were met because

(1) ~~Pltf~~ Son relationship is a Fundamental Liberty Interest; and

(2) ~~NY-Off~~ Ban Decision did NOT follow a sufficient procedure.

Each one of these 2 elements will be proved subsequently Infra:

## D. Statement Of Claims

Point
(1) ~~Plff~~ Son Relationship Is a Fundamental Liberty Interest

14. The Supreme Court (SCOTUS), again, unanimously held (per curiam) that depriving a father from a relationship with his son creates a liberty interest deprivation. MLB, 519 US 102, 119 (1996) [per curiam].
  Also, the 2nd Cir agreed, as well in Treistman:
"Parents enjoy a protected liberty interest in maintaining a relationship with their children" Treistman, 754 Fed. Appx 44, at 47 (2nd Cir 2018).

15. The 2nd Cir considers this liberty interest (father-son) to be so well established that failure to recognize it would be considered a plain error. Myers, 426 F.3d 117, 125 (2nd Cir 2005) quoting Wilkinson, 182 F.3d 89, 103-104 (2nd Cir 1999).

16. The 2nd Cir affirmed that the shape, way, and age of Parent Child relationships are a "personal choice" that are to be free from intrusion "among the liberty interest that may arise under the due process clause itself is 'freedom of personal choice in matter of ... family life'..". Rodriguez, 214 F.3d 328, 337 (2nd Cir 2000) quoting Smith, 431 US 816, 842 (1977).

8

D. Statements Of Claims

17. The 2nd Cir. in Patel finds that the Parent-Child relationship is of such strength and intimacy that the age of the child is irrelevant. In response to arguments that this relationship's constitutional protection ends when legal-adulthood is entered, the 2nd Cir. responded "We are unpresuaded that a constitutional line based solely on the age of the child should be drawn. The Supreme Court decisions protect more than the custody dimension of the parent-child relationship" ~~see also~~ Patel, 305 F.3d 130, 139 (2nd Cir. 2002). Court finds "Parent-child relationship does not end when a child turns 18, nor a line should be drawn for any age" Patel Id 139 quoting Bell, 746 F.2d, at 1245 (2nd Cir. 1984)

18. The Parent Child relationship being a fundamental liberty interest is so obvious that "perhaps it is the oldest of the fundamental liberty interest recognized by the Supreme Court" Troxel, 530 US 57, at 65-66 (2000). "Parents have a liberty interest protected by the Constitution in having a reasonable opportunity to develop close relations with their children" Hodgson, 497 US 417, 483 (1990). "The freedom children and parents to relate to one another in the context of the family, free from government interference, is a basic liberty long established in our constitutional law" Wilkson Supra at 104 quoting Joyner, 712 F.2d 770, 778 (2nd Cir 1983).

9

## D. Statement Of Claims

**19.** The wealth of case law established by the Supreme Court and second circuit clearly show that once NY-Off prohibited Plff Salim from all contact with his son, NY-Off had deprived the Plff. from a fundamental liberty interest. Thus, meeting the first step of Swarthout's test (¶ 11+12 Supra) is fully met. Now, to the 2nd step:

Point (2) NY-Off's Ban Decision Did NOT Follow a Constit. Sufficient Procedure

**20.** With regard to the 2nd step of the Swarthout's test regarding the deprivation of a liberty interest, the Supreme Court required from official, <u>BEFORE</u> deprivation, to provide the inmate with:

(a) Advanced written notice of the charges;

(b) a written statement by the fact finder of the evidence relied on and the reason(s) for deprivation;

and (c) an opportunity for a meaningful hearing so as inmate may call witnesses and present documents for defense. Hill, 472 US 445, 453-54 (1985). The 2nd Cir followed Hill in many cases such as : William, 331 Fed Appx at 60 (2nd cir. 2009), Washington, 538 Fed Appx at 25 (2013), Elder, 967 F3d at 129 (2nd 2020).

**21.** This procedure as per Hill must be conducted <u>BEFORE</u> deprevation as per the Supreme Court in Santosky: The father-son association is a liberty interest that "cannot be violated without adequate pre-deprivation procedure" Santosky, 455 US 745, 753-54 (1982).

### D. Statement of Claims

22. Violating Hill and Santosky supra, NY-Off failed to give Salim any procedural due process – neither pre-deprivation from his son nor even after deprivation. Rather, NY-Off kept renewing the deprivation for one more year – every year after 2013 until today 2022.

23. All these continous ban for consequative 10 years and counting were done by NY-Off without any of the 3 elements required by Hill (i.e List of Charges, Evidence, and Hearing).

24. Hill & other SCOTUS cases required providing List of Charges or any notice, "reliable" evidence or even just "some evidence", and a "fair" or "meaningful" Hearing. Yet, NY-Off provided APP. Salim with NOTHING for the consequative 10 years of Ban. Although Salim has been asking for these 3 elements 40 times thru the Adm. Rem. Prog. [known as PLRA Prison Litigation Reform Act] for the past 10 year. All those 40 requests were denied.

25. Concluding Claim One is to say:
The NY-Off's Ban on Salim. His son was done without following « any procedure which is constitutionally sufficient » Thus, both of 2-step test of Swarthout (supra ¶ 17 & 18) are met. And NY-Off Ban deemed illegal. Therefore, this Court is kindly requested to issue a "Prohibitory Injunction" against the Ban and order NY-Off to allow Salim to resume his contact with his son.

11

# D. Statement Of Claims

## Claim Two: NY-Off's Ban Violated Salim's RFRA Religious Right

26. The Supreme Court in Holt explained RFRA by saying: « Congress enacted RLUIPA and its sister the Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, 42 USC § 2000 bb et seq. in order to provide very broad protection for religious liberty » Burwell, 573 US 682, 693 (2014).... ~~at 1488~~

27. Congress enacted RFRA in order to provide greater protection exercise than is available under the First Amendment......

28. [SCOTUS continue to say]...
RFRA provides that
' [g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability ", unless the government demonstrates that application of the burden to the person...

29. ...(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest » [in between Citations omitted] Holt, 574 US 352, 356-57 (2015). SCOTUS affirmed and updated Holt again in Little Sisters, 140 S. Ct. 3267, 3283 (2021).

12

## D. Statement Of Claims

**30.** The Supreme Court in Holt clearly explained and described the burden of proof on each of the Two parties { The affected person and The Govt), So as to apply RFRA properly. SCOTUS said:
" The challenging party bears the initial burden of proving that his religious exercise is grounded in a sincerely held religious belief, see Burwell, 573 US 682, 717 n. 28 ... and that the government's action substantially burdens his religious exercise. ... Once the challenging party satisfies his burden, the burden shifts to the government to show that substantially burdening the religious exercise of the "particular claimant" is "the least restrictive means of furthering [a] compelling governmental interest Holt, Supra at 352-53 quoting Burwell, Supra at 717 & 726. (in between citations omitted].

**31.** Complying with SCOTUS standards of burden of proof set forth in Holt supra, ~~Pltf~~ Salim will soon infra satisfy his 2 obligations toward RFRA standards But first ~~Pltf~~ will show the greatness of his case Compared with other **3** cases won by prisoners under RFRA:
First: The above case in question- i.e Holt . Inmate Holt
is a Muslim whom was prevented by prison from growing a beard. He won his case in Supreme Court level as in Holt supra, and he was allowed to grow a beard according to his religion "Islam".

13

# D. Statement of Claims

32

second: Case of Lindh, 14 CV 151 JMS WGH (2015)

Lindh, 2015 US Dist. Lexis 4063 (S.D. IN 2015) under the 6th Cir. Prisoner Lindh sook a relief from the BOP policy stated in Program Statement xx 5360.09 Religious Beliefs & Practices « Islamic inmates may not hem or wear their pants above the ankle » Id.

Lindh proved his sincere religious belief "Islam" requires him to wear his pants above the ankle. And, therefore, the BOP policy which prevents him from doing so "imposes a substantial burden on his religious execise" Id Lindh.

The BOP not only complys and relieves him, but also BOP entertained ALL Muslims in prisons of BOP to be relieved and in June 12, 2015, the BOP Central office in Washington, DC by its Note xx CN-1 modified the P.S. 5360.09 by striking out the above ban on Muslims pants and allowed them to wear pants above their ankles.

~~[struck-out lines, illegible]~~

33

Pltf. Salim contends that banning him from his son "imposes substantial burden on his religious execise" much more than the beard of Holt & the pants of Lindh. ~~[struck out]~~

14

## D. Statement Of Claims

**34** The Supreme Court in Tanzin held that RFRA not only prohibits Govt. from imposing substantial burdens on religious excercise, but:

« It also gives a person whose religious exercise has been unlawfully burdened the right to seek appropriate relief" Tanzin, 141 S.Ct. 486, 489 (2021). That is why Pltf Salim is *filing this motion here.*

**35.** Now it is the time for Pltf to satisfy his TWO obligations as burden of proving as per Holt standard stated in ¶ 30 p. 13 supra. which they are:

(1) « [t]hat his religious excercise is grounded in a sincerely held religious belief" Holt supra at 352; and (2) « [t]hat the government's action substantially burdens his religious exercise" Holt Supra at 352-53.

**36.** To prove these 2 elements of burden of proving, Pltf did NOT rely on his own claim — Rather, he took them from a proficient person holding a Ph.D. degree in Islam Religion and he is a Govt. official, as well. He is the Muslims' Chaplain (Imam) Shuayb Ph.D. the ADX prison chaplain.[3] Pltf asked him 12 questions and he [chaplain Shuayb] answered them all with a "Yes". The questionaire is self explanatory and attached at end of this motion here pages no. 27 → 30.

(3) ~~Currently~~, Chaplain (Imam) Shuayb was moved from ADX prison to another prison — an FCI in NJ state as its Chaplain.

## D. Statement of Claims

37. The Questionaire (herein Qnr) consists of 12 questions; 10 questions in 3 pages numbered 1/3, 2/3, & 3/3 dated April 1st, 2021 plus 2 additional questions #11 & #12 in a separate one page dated April 22nd, 2021. All these 4 pages are the Exh of this Motion

38. In this questionaire (Qnr), Chaplain (Imam) Fiazuddin Shuayb Ph.D. (herein Imam) approved the following information about Islamic Faith:
(1) Holy Quran is the Word of God (Allah);
(2) Prophet Mohammad is the massenger of Allah for Islam Religion; and (3) Both, Quran and Mohammad Sunnah (his saying, deed, approval) are the first two sources for Islamic Faith and Practise. Id Qnr, Q#1.

39. In Qnr#2, Imam, further, approved citations from both: Quran and Mohammad that those who sever their ties of kinship risk themselves to be cursed by God (Allah) and HE will sever them from HIM (Id Qnr#2). And, they won't enter Paradise (Qnr#3), because the second of the four deeds that make Muslim eligible to enter Paradise in peace is "honouring and keeping the ties of kinship (Qnr#4).

40. Accordingly, Imam affirmed that honouring and keeping the ties of kinship is "grounded in a

16

## D. Statement Of Claims

sincerely held Islamic Belief" because it is required to enter Paradise (the most centre issue in Islamic Faith) Id Qnr# 5.

41. Imam agreed further that : concerning about not entering Paradise has a substantial burden on the religious exercise of a practising Muslim Id Qnr# 6. And, ~~Pltf~~ Salim is a practising Muslim who cares about importance of kinship and Paradise as per Imam's personal knowledge from dealing with inmate Salim (Qnr# 10).

42. Furthermore, Imam affirmed that Prophet Mohammad said:« Fear Allah and treat your children equally » (Qnr# 7). And, therefore if a father has several children, say 6 children[1], and he severed all contacts with one of them, he committed two sins :(1) for not treating them equally and (2) for severing the ties of a fundamental kinship with his son (Qnr# 8).

43. Imam, also, made it clear that the Islamic rules for kinship ties apply to siblings, as well as children (Qnr# 11).

---

(1) ~~Pltf~~ Salim has 6 children.

17

## D. Statement of Claims

**44.** In Qnr*12, Imam affirmed that: honouring and keeping the ties of kinship with each family member is of individual basis — which means that: If Pltf keeps a close relationship with a family member it does NOT relieve him from his religious obligation towards each of other family members (Id Qnr*12).

**45.** Finally, according to Islamic Faith, comparing the sin for not growing a beard[2], or the sin for wearing pants below the ankles[3], Imam affirmed that: severing the ties of kinship is a sin that is greater than not growing a beard or wearing a long garment (Qnr*9).

**46.** Thus, from the answers of Imam for the questionnaire of 12 questions as set forth in paragraphs #38 thru #45, Pltf Salim has met and satisfied both of his 2 obligations for burden of proof that was set forth in #35 i.e by Holt, supra at 352-53. That is because:

**47.** Depriving Pltf from all contact with his son, as per Imam's answers, makes Pltf severing his ties of kinship with his son (keeping these ties is "grounded in a sincerely held Islamic belief"). And, according to answers of Imam,

[2] like Holt beard case supra
[3] like Lindh pants case supra

## D. Statement of Claims

Salim would be so sinful that he would be cursed by God (Allah) and severed from God (Qnr #2) and he won't enter Paradise (Qnr #3) — According to Salim's religious belief and Islamic exercise. Obviously, such type of a severe religious punishment, due to Government action (which is NY-off's Ban), is certainly « substantially burdens Salim's religious exercise » Hence, Salim has satisfied his burden of proof.

48. Now, as shown before in ¶ 30 supra, Holt said: « Once the challenging party satisfies his burden, the burden shifts to the government to show that substantially burdening the religious exercise of the [App] is the least restrictive means of furthering compelling governmental interest » Holt supra at 353.

49. Salim contends that Govt (i.e NY off) can NOT show that totally barring Salim from ALL contacts with his son is « the least restrictive means » because the "contact" available for prisoners like Salim is : (Fully monitored) Family visit, Letters, and Phone calls. And, "Family" here is ONLY Direct Family Members. For "visit", Salim did not get any family visit since day 1 in prison (since 24 years ago - 1998). Salim didn't get not even one and don't want one (and financially cannot get one) neither from his banned son nor ANY of his direct family member

19

## D. Statement Of Claims

5₀. Having said that: Pltf Salim does NOT want (and cannot financially have) ANY family visit, ALL his « Contact » became just: Either Phone Call or Letters. Now, As per NY Off's restrictions on Salim by SAM:-

(1) Family phone calls are « contemporaneously monitored by FBI ... If contemporaneous monitoring reveals inappropriate activity, the telephone call may be immediately terminated » every call is recorded, too.

(2) Letters: « All non-legal mail shall be copied and forwarded to FBI (for analysis/approval) .... If outgoing/incoming mail is determined to contain discussion/request/ soliciting/encouraging act of violence or terrorism ... the mail shall not be delivered/forwarded ... but refered to the FBI for appropriate action" Id SAM.

~~Again, these letters restrictions~~

5₁. The above mentioned SAM regulations :-

(1) Phone Calls: Recorded, Contemporaneously monitored so as to immediately be terminated; AND

(2) Letters: Copied, Forwarded to FBI for analysis/approval so as not to be delivered/forwarded.

This regulations for calls and letters is considered by SAM to be « the least restrictive means [to prevent] death or serious bodily injury to persons [that Salim's communication may cause] » Id SAM at Conclusion.

5₂. Thus, by NY Off's own ↑monitoring↑regulation [in SAM (the above measure) stated it is « the least restrictive means to achieve the Govt. compelling interest"↑to prevent death or serious injury Salim's Comm. may cause.

## D. Statement of Claims

**53.** The above mentioned NY off's contemporaneous monitoring policy, with full authority to terminate calls and reject letters has been successfully achieved the Govt. goal of preventing death and/or injuries, that Salim's communication may cause, for the whole consequetive past 24 years (1998 thru 2022).

**54.** And, the proof is : For the past 24 years :

(a) None of Salim's calls was terminated nor a letter was rejected for the fear that it may cause death or injuries. AND, Salim never got any incident report for a violation in phone nor in letters; and

(b) No body in the World ever died nor injured because of any of Salim's family call nor of any family letter. Bearing in mind that Salim is allowed to communicate with ONLY family immediate members. And, if NY off disagrees with (a) or (b) let them show record to Court.

**55.** Therefore, totally banning Salim from his son (since 2013 thru 2022 and counting) was the GREATEST and not the least restrictive means that the RFRA requires from NY off. Thus, NY off has violated the RFRA Religious Right of Salim because NY off can simply terminate any phone call immediately and reject any letter at any time without «substantially burden Salim's exercise of religion for TEN Years» an act that RFRA strongly prohibits.

21

## D. Statements Of Claims

**56.** It is important here to remember that the 10th Cir. has a FIRM standard dealing with RFRA claims. That is why the 10th Cir remanded many such cases back to its district courts (including this Colorado Dist. Ct) stating that the remand because:

« [Dist. Court] erred in dismissing [Pltf] RFRA claim » and the 10th Cir. assigned a court paid lawyer for Pltf (see e.g. Ghailani, 859 F.3d 1295, at 1306 (10th Cir. 2017))

**57.** The 10th Cir standard of review for RFRA claims is explained in its ruling for many cases that Pltf « did not need to plead facts showing the Govt lacked a legitimate penological interest, [Pltf] also did not need to plead facts showing that the restrictions were not in "furtherance of a compelling governmental interest" and were not "the least restrictive means of furthering that compelling governmental interest" 42 USC § 2000bb-1(b)(1)-(2). Subsection (b) of RFRA is an "affirmative defense" and "the burden is placed squarely on the Government by RFRA" Ghailani supr at 1305-06 quoting many cases from SCOTUS & other Cirs.

Again, the 10th Cir affirmed its stance and standard for RFRA claims and remanded Blair, 804 Fed Appx 909 (10th. 2020).

**58.** Concluding this Claim 2 is to say: For all aspects and analysis stated in ¶ 26 thru 57 above, this court is kindly requested to estop NY-Off from Banning ~~interactions of Salim's contact and~~ & allows Salim to resume his contact with his son ~~~~ by letters & phone (No Visit) ~~~~

22

D. Statement Of Claims

Claim Three: NY Off's Ban Is Invalid Under APA 5 USC § 701 et seq.

**59.** This Hon. Dist. Ct. of Colorado had ruled that: « Under the APA, a court may hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or contrary to constitutional right » 5 USC § 706 (2)(A)(B). » (in between Omit) Mohammed, 47 F. Supp. 3d 1236, 1240 (D. CO. 2014).

**60.** This citation of Mohammed court fits Salim's case because the NY Off's Ban was « not in accordance with law and/or contrary to constitutional right » Id 1240. And, here are below the legal Authorities that the NY Off violated ~~in the manner in accordance of said State~~ the APA 5 USC § 701 et. seq. standard.

**61.** As said above in ¶ 7 ~~12~~ pg. 5 thru ¶ 10 pg. 6, SCOTUS in Hill, 472 US 445, 454 (1985) requires NY Off to provide Salim with 3 things (Charges, Evidence, & Hearing). Yet, NY Off provided NOTHING neither before nor after the Ban. Such violation is rejected by the 10th Cir because it is considered to "fly in the face of SCOTUS" as 10th Cir said: « But we know of no authority suggesting such a requirement [i.e abandonment of some evidence standard and evidentiary hearing] which would fly in the face of Supreme Court Opinion in Hill » (Explanation [ ] added) Longstreth, 240 Fed Appx. 264, at 268 (10th Cir. 2007).

23

### D. Statement of Claims

62. As said above in ¶¶ 50 thru 55, the act of NY-Off of totally banning Salim was greater than necessary. This is against the standard of SCOTUS & the 10th Cir in reviewing the action of government that should « involve no greater deprivation of liberty than is necessary to achieve the government goal » (see e.g. Henry, 979 F.3d 1265, at 1269 (10th Cir. 2020)) (Bryant, 976 F.3d 165, at 183 (2nd Cir. 2020))

63. Moreover, in same ¶¶ 50 thru 55 above, NY-Off's contemporaneous monitoring policy with unquestionable authority to immediately terminate any phone call and reject any letter is said by NY-Off in SAM to be « the least restrictive means ». Yet, NY-Off violated its OWN policy by not using this "least restrictive mean" required by RFRA. Rather, NY-Off used the greatest instructive means, instead and violated the SCOTUS and 10th Cir, as well: « When the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures" Caceres, 440 US 741 HN3a+3b (1979) followed by 10th Cir in Hobbs, 579 F.3d 1171, at 1184 (8th 2009)

64. Finally, for all aspects and analysis and Authorities set forth throughout the above 3 claims. This Hon. Court is Kindly requested to estop NY-Off from violation of Salim's Const. Rights and let him resume his contact with his Son. By Letters & Phone ONLY ←

**E.     PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  AG, FBI, BOP Director & Warden

Docket number and court:  13-CV-03175 RM-CBS CO. Ct.

Claims raised:  Challenging ALL SAMS, 1st, 5th, 8th, 7th Amed. Const. Rights

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)  Dismissed on

Reasons for dismissal, if dismissed:  failure To State a Claim

Result on appeal, if appealed:  No Appeal

**F.     ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    ✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    ✓ Yes ___ No (*check one*)

25

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1. To order AUSA-SDNY office to respond to this Complaint;

2. To issue a "Prohibitory Injuction" against the Banning of Salim from contacts with his son DR. M——;

3. To Order NY-Off to let Pltf Salim to resume his contact with his Son DR.M—— by Letters & Phone ONLY (No visit is requested); And

4. Any other relief that this court sees Pltf was deprived from but is entitled to.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

Dec 13, 2022
(Date)

(Revised February 2022)

26      6

Certificate of Service
I am M. SALIM 42926-054 the Pltf certify under Penalty of Perjury that In Dec 13, 2022 I served a copy of this Prisoner Complaint to AUSA-SDNY office one St. Andrew Plaza, NY, NY 10007

M.SALIM 42926-054 The Pltf

Mamdouh SALIM
# 42426-054
USP. AD Max
P.O. Box 8500
Florence, CO 81226

Om-22-42426-054-1213-1110-108

Dec 13, 2022

Court Mail

Case # 22-cv-859-GPG

Clerk Of The Court
Alfred A. Arraj United States Courthouse
901 19th. Str., Room A105
Denver,
CO 80294-3589




1/3   Exh. p 1   April 1st, 2021

To: Religious Serv ___ ADX Prison, Florence, CO
Att: The Muslims' Chaplain (Imam) Shuayb PhD.
Fm: Mamdouh SALIM 42426-054   Cell J/B 402
Subj: Questionaire about Kinship in Islam

Dear Imam Shuayb
According to your knowledge in Islamic Faith
as you have a Ph.D. Degree, could you please answer
my Questionaire below regarding the importance of
honouring and keeping the ties of Kinship "Silat Al Rahim"

1.    As per Islamic Faith, Holy Quran is the Word Of
God (Allah) and Prophet Mohammad (P.B.U.H) is the
massenger of Allah for Islam Religion. Both of Quran
and Mohammad's Sunnah (his saying, deed, & approval)
are the first TWO sources for Islamic Faith & Practise?
☒ Yes, that is correct.        ☐ No, that is not correct

2.    As per Quran in 47:22-23, we can find that:
« those who sever their ties of Kinship and
spread corruption on earth are whom Allah
cursed, deafened, and blinded their vision »
    And, Prophet Mohammad recited this very verse
after he narrated a symbolic conversation between
Allah and Kinship where HE spoke to it: "I will maintain
close relations with who maintains your ties, and I will sever
who severs your ties (O' Kinship)" (See Bukhary 4830, Muslim 2554)
☒ Yes, these citations are correct.    ☐ No, this is not correct

27

2/3

Exh. p. 2

3   Prophet Mohammad said:
"Whosoever severs the ties of kinship will not enter the Paradise (in hereafter)" (See Bukhary 5984, Muslim 2556)
☑ Yes, this is correct          ☐ No, this is not correct

4.   Prophet Mohammad mentioned FOUR deeds that make Muslim eligible to enter Paradise in Peace. The 2nd one of those 4 good deeds is "honouring and keeping the ties of kinship (Silao Al-Arham)" (See Ibn Majah 3251).
☑ Yes, this is correct          ☐ No, this is not correct

5.   From the above authentic citations, and more other citations, keeping the ties of kinship is ~~very~~ important as it is related to entering Paradise (the most centre issue in Islamic Faith). The question is: Is honouring and keeping the ties of kinship grounded in a sincerely held Islamic Belief?
☑ Yes, it is ~~a~~    ☐ No, ties of kinship is not essential in Islam

6.   Again, according to the above citations regarding keeping the ties of kinship and its relationship with entering Paradise, the question is: Does concerning about not entering Paradise have a substantial burden on the religious exercise of a practising Muslim?
☑ Yes, it does          ☐ No, Muslims don't have to worry about not entering Paradise.

28

3/3

Exh. p.3

7. Prophet Mohammad said:
« Fear Allah and treat your children equally »
(See Bukhary 2587, Muslim 1623). Is this correct?
☒ Yes, it is correct    ☐ No, it is not correct.

8. If a father has several children, say 6 children,
all of them are pious, practising Muslims, and
honour their parent. But, this father severed
All contacts and relationship with one of his children,
although this severed child is as good as every other
one, did this father commit two sins:
(a) Not treating his children equally (as said in 7 above);
and (b) Severing the ties of a fundamental kinship (his son).
☒ Yes, this father did.    ☐ No, he did nothing wrong.

9. It is recommended for a Muslim to grow a beard (see
Bukhary 5893, Muslim 259). Also, it is recommended that
his garment not to go lower than his two ankles (see
Bukhary 5787, Muslim 2086). Is severing the ties of
Kinship more sinful than not growing a beard or
having a garment lower ankles?
☒ Yes, Severing the ties of Kinship    ☐ No, Beard and Clothes
is more sinful than no beard & long garment    are more important than
                                                the ties of Kinship

10. Finally, as per your personal knowledge from dealing with
Mamdouh Salim #42426-054, is he a practicing Muslim who
cares about importance of Kinship and Paradise in Islamic Faith?
☒ Yes, he is    ☐ No, he is not

29

F. SHUAYB, Ph.D.
Chaplain (Imam) BOP

RECEIVED
APR 2 1 2021

Annex   1/1   Exh.P.4

To: Religious Serv. ADX, Colorado   April 22nd, 2021
Att: Muslim Chaplain (Imam) Shuayb. Ph.D.
Fm: Mamdouh SALIM 42426-054   Cell J/B 401
Subj: 2 more questions Re Honouring Kinship Ties In Islam

Dear Imam Shuayb
   Thank You for answering my 10 Questions of the Questionaire dated April 1st, 2021 regarding the importance of honouring & keeping the ties of Kinship "Silat-Al Rahim" in Islam.
   I have here just TWO more questions, I would appreciate you answer them, too. [N.B I numbered them, for continuity: 11 & 12]

11.  As per Islamic Rules regarding the ties of Kinship, are siblings considered to be family members of this Kinship which to be honoured and kept its ties? In other words, do Islamic Rules of Kinshipties apply to siblings, as well as, children?
☑ Yes, siblings are ones Kinship and Islamic Rule apply for them, too
☐ No, siblings are not the Kinship of an individual

12.  Is it true that: honouring and keeping the ties of Kinship with each individual (e.g. Son, Daughter, Brother, Sister) is of individual bases (not collectively), in other words: Is it true that if I give a family member his right of close Kinship relationships, this will NOT relieve me from my religious obligation towards each other individuals of family members?
☑ Yes, this is true.
☐ No, giving this right to just one family member is enough for relief from Religious Obligation.

4/22/2021
Imam F. Shuayb   30