IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-03374-CNS-STV

MAMDOUH SALIM,

    Plaintiff,

v.

AUSA_SDNY OFFICE and
ADX WARDEN,

    Defendants.

## ORDER

Before the Court is pro se Plaintiff's Motion Under Rule 59 Requesting Court to Alter or Modify its Order. ECF No. 93. For the following reasons, the Court denies Plaintiff's motion.

### I. SUMMARY OF ORDER FOR PRO SE PLAINTIFF MAMDOUH SALIM

You filed an amended complaint on March 30, 2023, alleging Defendants violated the Religious Freedom Restoration Act (RFRA) and the Administrative Procedure Act (APA) in imposing certain Special Administrative Measures against you. ECF No. 12. On August 7, 2023, Defendants moved to dismiss your amended complaint for failure to state a claim. ECF No. 38. Defendants also moved to stay discovery pending the resolution of their motion to dismiss. ECF No. 37. On August 31, 2023, Magistrate Judge Varholak presided over a hearing during which he granted the motion to stay and explained his

1

reasoning. ECF No. 48. On September 21, 2023, you objected to Magistrate Judge Varholak's order staying the case. ECF No. 58. On December 13, 2023, this Court overruled your objections and affirmed and adopted the order granting the stay of discovery. ECF No. 82. As a result of that order, the Court stayed discovery pending resolution of Defendants' motion to dismiss. *Id.* at 2, 7–8.

On January 22, 2024, you filed the instant motion for reconsideration of the Court's December 13 order. ECF No. 93. Three days later, Magistrate Judge Varholak recommended that Defendants' motion to dismiss be granted in part and denied in part. ECF No. 94.

After considering the arguments raised in your motion for reconsideration, the Court is denying your motion. The Court will explain why it is doing so further below. This Order will discuss the legal authority that supports this conclusion. As a result of this Order, discovery will remain stayed consistent with its previous order staying discovery.

## II.  BACKGROUND

Plaintiff is a pro se prisoner serving a life sentence at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado (ADX). *See* ECF No. 12 at 2. On March 28, 2023, Plaintiff filed his Amended Complaint alleging that Defendants imposed Special Administrative Measures (SAMs) restricting Plaintiff from communicating with his eldest son in violation of the RFRA, 42 U.S.C. 2000bb–1, and the APA, 5 U.S.C. 701, *et seq. Id.*, ¶¶ 1–18; *see id.* at 3, 27.

On August 4, 2023, Defendants moved to stay discovery pending resolution of their motion to dismiss the Amended Complaint for failure to state a claim. ECF Nos. 37,

38. Following a hearing on Defendants' motion, Magistrate Judge Varholak granted the motion to stay and gave a detailed verbal explanation for doing so. Plaintiff objected to Magistrate Judge Varholak's order to this Court, and the Court overruled Plaintiff's objection. Plaintiff then filed the instant motion asking this Court to reconsider its order staying discovery pending resolution of Defendants' motion to dismiss. ECF No. 93. On February 12, 2024, Defendants filed a response to Plaintiff's motion for reconsideration. ECF No. 100.

### III.  LEGAL STANDARD

Because Plaintiff is proceeding pro se for the instant motion, this Court construes his filings liberally; however, this Court does not assume the role of advocate for Plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). And where, as here, "a party files a motion for reconsideration prior to the entry of judgment or of a final order, [Federal Rules of Civil Procedure] 59(e) and 60(b) do not apply." *Duran v. Crandell*, No. 10-cv-02490-PAB-KMT, 2012 WL 1649160, at *1 (D. Colo. May 10, 2012). However, district courts have "plenary power to revisit and amend interlocutory orders as justice requires," and the standards are generally the same as a motion for reconsideration. *Id.* There are three main grounds that justify reconsideration: "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants*

3

*of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Stated differently, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such relief is "extraordinary and may only be granted in exceptional circumstances." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (citation and quotations omitted).

## IV.  ANALYSIS

In his motion for reconsideration, Plaintiff largely fails to address the Court's order staying discovery. He instead focuses on the merits of his case and whether the Court may properly consider certain documents when ruling on Defendants' motion to dismiss. The Court agrees with the Government that Plaintiff's arguments are better suited for an objection to Magistrate Judge Varholak's recommendation on Defendants' motion to dismiss instead of a motion to reconsider the stay order.

As the Court explained in its stay order, the Court determined that discovery is not necessary to resolve Defendants' motion to dismiss for failure to state a claim and therefore a stay was warranted in this case. ECF No. 82 at 7. The fact that Magistrate Judge Varholak has now issued his recommendation on Defendants' motion to dismiss bore this out. ECF No. 94.

The Court finds that reconsideration is not warranted. Plaintiff has failed to show an intervening change in controlling law, present new evidence not previously available, or show any clear error or manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. And in light of Magistrate Judge Varholak recently issued recommendation, discovery will

begin soon (absent a timely objection to the recommendation), eliminating Plaintiff's concerns surrounding the stay. Plaintiff's motion, therefore, is denied.

## V. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion Under Rule 59 Requesting Court to Alter or Modify its Order, ECF No. 93, is DENIED.

DATED this 14th day of February 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge