IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-03374-CNS-STV

MAMDOUH SALIM,

    Plaintiff,

v.

AUSA_SDNY OFFICE and
ADX WARDEN,

    Defendants.

---

# ORDER

---

Before the Court is Defendants' Motion to Dismiss Amended Complaint, ECF No. 38, and United States Magistrate Judge Scott T. Varholak's Recommendation to grant in part and deny in part Defendants' motion, ECF No. 94. Defendants partially objected to Magistrate Judge Varholak's Recommendation, ECF No. 102. Plaintiff did not object to the Recommendation or respond to Defendants' objection. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

## I.    SUMMARY FOR PRO SE PLAINTIFF

On August 7, 2023, Defendants filed a motion to dismiss your Amended Complaint. ECF No. 38. The Court referred Defendant's motion to Magistrate Judge Varholak for initial review. ECF No. 39. Upon reviewing Defendants' motion, your response, and Defendants' reply, ECF Nos. 38, 80, and 92, he recommended dismissing your

1

Administrative Procedure Act (APA) claim but not your Religious Freedom Restoration Act (RFRA) claim.

At the end of his Recommendation, Magistrate Judge Varholak advised that you had 14 days after service of the Recommendation to file a written objection. *Id.* at 13. You did not file an objection with respect to your APA claim or otherwise respond within that window of time. As explained in more detail below, the Court has reviewed the Recommendation concerning your APA claim and has determined that it is correct. That claim is therefore dismissed. The Court, however, has determined that the Recommendation is correct with respect to your RFRA claim, and thus, that claim may proceed.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Mamdouh Salim is incarcerated at the United States Penitentiary – Administrative Maximum Facility ("ADX") in Florence, Colorado. ECF No. 12 (Amended Complaint) at 2. "In January 1999, [Plaintiff] and others were indicted on numerous charges alleging a global terrorist conspiracy to murder United States citizens, including charges relating to the August 7, 1998, bombings of United States embassies in Nairobi, Kenya and Dar es Salaam, Tanzania." *United States v. Salim*, 287 F. Supp. 2d 250, 259 (S.D.N.Y. 2003). Plaintiff was housed in the maximum-security wing of the Metropolitan Correctional Center in New York during the pendency of that case. *Id.* "On November 1, 2000, [Plaintiff] stabbed corrections officer Louis Pepe in the left eye with a sharpened comb." *Id.* "[Plaintiff] testified that . . . he attacked [Officer] Pepe to get his keys, unlock a visitation room . . . and attack his attorneys so that they would withdraw from representing

2

him and [the presiding judge] would have to grant substitute counsel." *United States v. Salim*, 549 F.3d 67, 70 (2d Cir. 2008) (*Salim I*). "The weapon penetrated the corrections officer's eye and entered his brain." *Id*. at 71. On April 3, 2002, Plaintiff pled guilty to a charge of conspiracy to murder and attempted murder of a federal corrections officer. *Salim I*, 549 F.3d at 70; ECF No. 12, ¶ 1. Plaintiff is currently serving a life sentence for stabbing the corrections officer. *United States v. Salim*, 690 F.3d 115, 121 (2d Cir. 2012) (*Salim II*); ECF No. 12, ¶ 1.

Plaintiff's instant lawsuit concerns the Special Administrative Measures (SAMs) that he has been subject to since at least 2013.[1] ECF No. 12, ¶ 4. Since at least 2014, the SAMs prohibit Plaintiff from all forms of communication with one of his sons, Dr. Mu'ath. *Id.*, ¶¶ 4, 7. Since 2014, every iteration of the SAMs imposed on Plaintiff has included this prohibition on communication. *Id.*, ¶ 8.

Plaintiff filed his Complaint on December 19, 2022, and he filed his operative Amended Complaint on March 30, 2023. ECF Nos. 1, 12. The Amended Complaint asserts claims against Defendants in their official capacities for violations of the RFRA and APA. Plaintiff seeks various forms of injunctive relief aimed at lifting the SAMs that prohibit him from communicating with his son. ECF No. 12 at 19. On August 7, 2023, Defendants filed their motion to dismiss, seeking dismissal of both of Plaintiff's claims.

---

[1] Federal regulation permits the Attorney General to direct the Bureau of Prisons to "implement special administrative measures [SAMs] that are reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a). These SAMs may include limiting certain privileges, "including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism." *Id.* With approval, each SAM may be imposed for up to one year, but they may be extended in one-year increments. *Id.* § 501.3(c). The inmate must be provided with written notification of the restrictions imposed and the basis for these restrictions. *Id.* § 501.3(b).

3

ECF No. 38. This Court asked Magistrate Judge Varholak to perform an initial review of Defendants' motion, ECF No. 39; he recommended dismissing Plaintiff's APA claim but allowing the RFRA claim to proceed. ECF No. 94. Defendants, but not Plaintiff, objected to Magistrate Judge Varholak's Recommendation. ECF No. 102.

### III. STANDARD OF REVIEW AND LEGAL STANDARDS

#### A. Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### C. Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, will not serve as a pro se litigant's advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and the Court will hold a pro se litigant to the "same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## IV.   ANALYSIS

### A.   APA Claim

Plaintiff did not object to Magistrate Judge Varholak's Recommendation to dismiss his APA claim. The Court, therefore, "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, with regard to Plaintiff's APA claim, the Court has reviewed Magistrate Judge Varholak's Recommendation and is satisfied that the Recommendation to dismiss the APA claim is sound and that there is no clear error on the face of the record.

Accordingly, Plaintiff's APA claim is dismissed.

### B.   RFRA Claim

Plaintiff's RFRA claim asserts that the prohibition on contact with his son substantially burdens his sincerely held religious beliefs.[2] ECF No. 12, ¶¶ 20–33. Defendants argue that Plaintiff does not plausibly plead an RFRA claim because the contact ban is in furtherance of compelling governmental interests, and the prohibition is the least restrictive means of furthering those interests. ECF No. 38 at 8–12; ECF No. 102 at 4. Magistrate Judge Varholak determined that the government's national and institutional security concerns are clearly compelling interests. ECF No. 94 at 12–13.

---

[2] Plaintiff's RFRA claim asserts that the communication ban burdens his sincerely held religious beliefs because, in the Islamic faith, "[t]hose who sever their ties of kinship risk themselves to be cursed by God (Allah) and God will sever them from HIM." ECF No. 12, ¶¶ 22–27 (emphasis in Amended Complaint). Plaintiff also alleges that his faith requires that parents treat their children equally. *Id.*, ¶ 29. In their motion, Defendants do not challenge the authenticity of his beliefs.

However, he determined that the second element of this affirmative defense—whether there are less restrictive means of furthering those interests—is fact dependent and thus inappropriate for resolution at the motion to dismiss stage. *Id.* at 13. Defendants object to this latter conclusion. ECF No. 102 at 5–10.

Defendants' principal argument is that the least-restrictive-means element can be decided at the motion to dismiss stage, where, as here, the government's affirmative defense is apparent from the documents. *Id.* at 7. Defendants cite two out-of-Circuit cases in support. *Id.* at 7–8.

First, in *Mead v. Holder*, 766 F. Supp. 2d 16 (D.D.C.), *aff'd sub nom. Seven-Sky v. Holder*, 661 F.3d 1 (D.C. Cir. 2011), the district court dismissed the plaintiffs' RFRA claim that challenged the individual mandate provision of the Affordable Care Act under Rule 12(b)(6). *Id.* at 43. The court concluded that "the Government clearly has a compelling interest in safeguarding the public health by regulating the healthcare and insurance markets," and Congress's findings in enacting the individual mandate showed that it was the least restrictive means of furthering that compelling interest.[3] *Id.* at 43.

Second, in *Lepp v. Gonzales*, No. C-05-0566 VRW, 2005 WL 1867723 (N.D. Cal. Aug. 2, 2005), *aff'd sub nom. Harris v. Mukasey*, 265 F. App'x 461 (9th Cir. 2008), the plaintiffs alleged that they were Rastafarians and were required to possess, consume, and distribute marijuana as mandated by their sincere religious beliefs. *Id.* at *9. The district court acknowledged that Rastafarianism is a legitimate religion in which marijuana

---

[3] The *Mead* court held that the plaintiffs failed to satisfy the first element, but even assuming that the individual mandate placed a substantial burden on the exercise of the plaintiffs' Christian faith, the court proceeded to element two and held that the mandate was the least restrictive means of serving a compelling governmental interest. *Mead*, 766 F. Supp. 2d at 43.

plays a necessary and central role in the faith. *Id.* However, the court held that the government satisfied both elements of its affirmative defense. The court first refused to "second-guess Congress' conclusion that marijuana presents a compelling threat to individual health and social welfare." *Id.* at *10. The court then found that the Controlled Substances Act's (CSA) prohibition on marijuana is the least restrictive means of achieving this compelling interest. *Id.* The court thus dismissed the plaintiffs' RFRA claim under Rule 12(b)(6). *Id.*

The Court finds both *Mead* and *Lepp* distinguishable from the instant action. In *Mead*, "when pressed" at oral argument, the plaintiffs could not "name a less restrictive means of lowering health insurance premiums or otherwise improving access to health care." *Id.* In contrast, Plaintiff has made plausible assertions that there are feasible, less-restrictive alternatives, and that those alternatives would advance the government's compelling interests. ECF No. 12, ¶¶ 18–21. Defendants argue that Plaintiff's proposed alternative is implausible because he has previously attempted to circumvent the SAMs intended to prohibit communications with his son. ECF No. 102 at 10. But at this stage, the Court agrees with Magistrate Judge Varholak that this question is better suited for dispositive motions after the record is developed.

*Lepp* is also distinguishable because the plaintiffs there essentially challenged Congress's rationale and authority to regulate marijuana under the CSA. *Lepp*, 2005 WL 1867723, at *10. Plaintiff's case is much more fact-dependent than *Lepp*, as he is merely

8

challenging the manner in which Defendants apply SAMs and not their authority to implement SAMs.[4]

* * *

Consistent with the above analysis, the Court overrules Defendants' objection and accepts Magistrate Judge Varholak's Recommendation in its entirety.

## V.  CONCLUSION

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Varholak's Recommendation to grant in part and deny in part Defendants' motion, ECF No. 94. Defendants' Motion to Dismiss Amended Complaint, ECF No. 38, is GRANTED in part and DENIED in part.[5]

DATED this 13th day of March 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[4] Magistrate Judge Varholak cites *El Ali v. Barr*, 473 F. Supp. 3d 479 (D. Md. 2020) for the proposition that the least restrictive means inquiry "is best left for exploration at discovery." ECF No. 94 at 13 (quoting *id.* at 525). Defendants' attempt to distinguish *El Ali* is not persuasive. In that case, the district court denied the defendants' motion to dismiss the RFRA claims in part because whether the government's implementation of its Terrorism Screening Database policy aimed at protection the nation are in fact the least restrictive means was "best left for exploration at discovery." *Id.* Here, Defendants agree that the *El Ali* court's conclusions "make sense in the context of that case," which "concerned the manner in which the government implemented certain policies, i.e. the topic and length of questions it asked individuals whom it detained and the characteristics of the individuals it decided to add to watchlists." ECF No. 102 at 6–7. But the root of Plaintiff's allegation is not that different. He too is challenging the manner in which Defendants implement their SAMs.

[5] On March 11, 2024, the Court received Plaintiff's motion requesting that Defendants sent him a copy of their objection. ECF No. 103 (dated February 29, 2024, but filed in ECF on March 11, 2024). In that motion, he also asked for a two-week extension to respond to Defendants' objection. In light of the Court's order overruling Defendants' objection, the Plaintiff's motion, ECF No. 103, is DENIED as moot. However, the Clerk of the Court is directed to mail a copy of Defendants' objection, ECF No. 102, along with a copy of this order to Plaintiff.