IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-03374-CNS-STV

MAMDOUH SALIM,

     Plaintiff,

v.

AUSA_SDNY OFFICE and
ADX WARDEN,

     Defendants.

---

## ORDER

---

Before the Court is United States Magistrate Judge Scott T. Varholak's Recommendation, ECF No. 175, to deny Plaintiff's Motion for Leave to File a Supplemental to his Prisoner's Amended Complaint under Rule 15(d), ECF No. 140, and Plaintiff's Motion for Leave to File the Attached Second Amended Complaint, ECF No. 160. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I.    SUMMARY FOR PRO SE PLAINTIFF

The Court referred your pending motion to supplement and motion to amend to Magistrate Judge Varholak for initial review. He recommended denying both motions. At the end of his Recommendation, Magistrate Judge Varholak advised that you had 14 days after service of the Recommendation to file a written objection. After granting you two extensions of time to file an objection, you filed a 28-page objection. The Court struck

that objection as far exceeding the Court's 10-page limit for written objections, but sua sponte granted you leave to exceed the page limits by five pages (thus granting you a 15-page limit for a renewed objection). Then, on January 20, 2025, you asked for a one-week extension, up to January 28, 2025, to file a revised objection. The Court granted that extension request, noting that your objection must be postmarked by the detention facility on or before January 28, 2025. As of the date of this order, the Court has not received a revised objection.

As explained in more detail below, the Court has reviewed the Recommendation and has determined that it is correct. The Court thus affirms and adopts Magistrate Judge Varholak's Recommendation and denies your motion to supplement and motion to amend.

## II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Mamdouh Salim is incarcerated at the United States Penitentiary – Administrative Maximum Facility ("ADX") in Florence, Colorado. ECF No. 12 (Amended Complaint) at 2. "In January 1999, [Plaintiff] and others were indicted on numerous charges alleging a global terrorist conspiracy to murder United States citizens, including charges relating to the August 7, 1998, bombings of United States embassies in Nairobi, Kenya and Dar es Salaam, Tanzania." *United States v. Salim*, 287 F. Supp. 2d 250, 259 (S.D.N.Y. 2003). Plaintiff was housed in the maximum-security wing of the Metropolitan Correctional Center in New York during the pendency of that case. *Id.*

"On November 1, 2000, [Plaintiff] stabbed corrections officer Louis Pepe in the left eye with a sharpened comb." *Id.* "[Plaintiff] testified that . . . he attacked [Officer] Pepe to

2

get his keys, unlock a visitation room . . . and attack his attorneys so that they would withdraw from representing him and [the presiding judge] would have to grant substitute counsel." *United States v. Salim*, 549 F.3d 67, 70 (2d Cir. 2008) (*Salim I*). "The weapon penetrated the corrections officer's eye and entered his brain." *Id.* at 71. On April 3, 2002, Plaintiff pleaded guilty to a charge of conspiracy to murder and attempted murder of a federal corrections officer. *Salim I*, 549 F.3d at 70; ECF No. 12, ¶ 1. Plaintiff is currently serving a life sentence for stabbing the corrections officer. *United States v. Salim*, 690 F.3d 115, 121 (2d Cir. 2012) (*Salim II*); ECF No. 12, ¶ 1.

Plaintiff's instant lawsuit concerns the Special Administrative Measures (SAMs) that he has been subject to since at least 2013.[1] ECF No. 12, ¶ 4. Since at least 2014, the SAMs prohibit Plaintiff from all forms of communication with one of his sons, Dr. Mu'ath. *Id.*, ¶¶ 4, 7. Since 2014, every iteration of the SAMs imposed on Plaintiff has included this prohibition on communication. *Id.*, ¶ 8.

Plaintiff filed his Complaint on December 19, 2022, and he filed his operative Amended Complaint on March 30, 2023. ECF Nos. 1, 12. The Amended Complaint asserts claims against Defendants in their official capacities for violations of the Religious Freedom Restoration Act (RFRA) and Administrative Procedure Act (APA). Plaintiff seeks various forms of injunctive relief aimed at lifting the SAMs that prohibit him from

---

[1] Federal regulation permits the Attorney General to direct the Bureau of Prisons to "implement special administrative measures [SAMs] that are reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a). These SAMs may include limiting certain privileges, "including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism." *Id.* With approval, each SAM may be imposed for up to one year, but they may be extended in one-year increments. *Id.* § 501.3(c). The inmate must be provided with written notification of the restrictions imposed and the basis for these restrictions. *Id.* § 501.3(b).

communicating with his son. ECF No. 12 at 19. On August 7, 2023, Defendants filed their motion to dismiss, seeking dismissal of both of Plaintiff's claims. ECF No. 38. This Court asked Magistrate Judge Varholak to perform an initial review of Defendants' motion. ECF No. 39. He recommended dismissing Plaintiff's APA claim but allowing the RFRA claim to proceed. ECF No. 94. Defendants, but not Plaintiff, objected to Magistrate Judge Varholak's Recommendation. ECF No. 102. The Court affirmed and adopted Magistrate Judge Varholak's Recommendation. ECF No. 104.

On July 8, 2024, Plaintiff filed a Motion for Leave to file a Supplemental to his Prisoner's Amended Complaint. ECF No. 140. Then, on August 5, 2024, Plaintiff filed a Motion for Leave to file the Attached Second Amended Complaint. ECF No. 160. Plaintiff seeks to amend his Amended Complaint to add additional allegations in support of the RFRA claim and new claims under the Due Process and Ex Post Facto Clauses. Defendants object to the motions, ECF Nos.151, 171, and Plaintiff replied, ECF No. 164, 174. This Court referred Plaintiff's motions to Magistrate Judge Varholak for initial determination. ECF Nos. 141, 161. Magistrate Judge Varholak recommended denying both motions. ECF No. 175.

### III.     LEGAL STANDARD

#### A.   Rule 72(b)(3)[2]

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### C.   Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, will not serve as a pro se litigant's advocate, *see Yang v. Archuleta*, 525

---

[2] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cnty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated denials of a motion to amend as dispositive "because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to treat denying a motion to amend as a recommendation). The Court therefore will treat the issue as dispositive.

F.3d 925, 927 n.1 (10th Cir. 2008), and the Court will hold a pro se litigant to the "same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## IV.    ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Varholak's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

## V.  CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

(1)    The Court AFFIRMS and ADOPTS Magistrate Judge Varholak's Recommendation, ECF No. 175, in its entirety as an order of this Court;

(2)    The Court DENIES Plaintiff's Motion for Leave to File a Supplemental to his Prisoner's Amended Complaint under Rule 15(d), ECF No. 140; and

(3)    The Court DENIES Plaintiff's Motion for Leave to File the Attached Second Amended Complaint, ECF No. 160.

DATED this 11th day of February 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge