IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-03374-CNS-STV

MAMDOUH SALIM,

    Plaintiff,

v.

AUSA_SDNY OFFICE and
ADX WARDEN,

    Defendants.

---

**ORDER**

---

On February 11, 2025, the Court affirmed and adopted United States Magistrate Judge Scott T. Varholak's Recommendation, ECF No. 175, to deny Plaintiff's motion for leave to file a second amended complaint. ECF No. 188 (order affirming Recommendation and denying ECF Nos. 140, 160).

In his thorough Recommendation, Magistrate Judge Varholak first determined that supplementation or amendment of Plaintiff's Religious Freedom Restoration Act (RFRA) claim is unnecessary at this stage. ECF No. 175 at 5–7. Next, Magistrate Judge Varholak determined that Plaintiff provided no reasonable explanation for his delay in moving to add two new claims under the Due Process and Ex Post Facto Clauses. *Id.* at 8–11. He noted that this case had been pending for two years before Plaintiff filed his motions, and despite being aware of the underlying facts and the specific theories of liability he sought

1

to add for over two years, Plaintiff provided no explanation for the delay or for his failure to include them in his original complaint. *Id.* (citing *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." (internal citation and quotation omitted))). Finally, Magistrate Judge Varholak determined that Plaintiff's proposed new claims would be futile. *Id.* at 11–16. He explained that the Due Process claim is barred by the statute of limitations. *Id.* at 13–16. And he determined that the Ex Post Facto Clause claim fails because Plaintiff cannot state a claim that the Special Administrative Measures (SAMs) violate the Ex Post Facto Clause. *Id.* at 12–13.

*After* affirming the Recommendation, the Court received Plaintiff's objection to the Recommendation. ECF No. 189. Plaintiff does not contest the denial of his motion to supplement, but he argues that Magistrate Judge Varholak erred in denying his motion for leave to file a second amended complaint. *See* ECF No. 189 (summarizing objection to ECF No. 160 but "agree[ing] with (R175) in denying [#140]"). Moreover, on March 7, 2025, the Court received a new motion from Plaintiff seeking to reconsider its order affirming Magistrate Judge Varholak's Recommendation. ECF No. 193.

The Court has thoroughly considered the arguments raised by Plaintiff in his objection and motion to reconsider. He first argues that additional RFRA allegations are necessary. ECF No. 189 at 3. He then argues that granting leave to amend would cause neither undue delay nor prejudice to Defendants. *Id.* at 6. Finally, he argues that his two new claims are not futile. *Id.* at 11. In short, Plaintiff essentially disagrees with Magistrate

2

Judge Varholak's findings. Such arguments "do not render th[e] recommendation incorrect." *Vista Partners, Inc. v. Brainscope Co., Inc.*, No. 19-CV-00138-CMA-SKC, 2019 WL 3543625, at *4 (D. Colo. Aug. 5, 2019) (overruling the plaintiff's objection after determining that the objection "boils down to 'mere disagreement' with the Magistrate Judge's Recommendation" (quoting *Rader v. United States*, No. CIVA08CV00568-WDMMEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008))).

Upon de novo review of the Recommendation, the Court again finds that it is sound and correct, and that reconsideration of its order is unwarranted. For the reasons stated by Magistrate Judge Varholak in his Recommendation, the Court finds that (1) supplementation of Plaintiff's RFRA claim is unnecessary, (2) Plaintiff provided no reasonable explanation for his delay in moving to add two new claims, and (3) Plaintiff's proposed new claims would be futile.

Accordingly, the Court OVERRULES Plaintiff's objection and DENIES Plaintiff's motion to reconsider. ECF Nos. 190, 193.

DATED this 12th day of March 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge